WHOLESALE COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24532. Promulgated May 14, 1929.

*Walter D. Wall, C. P. A.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

#### OPINION.

MARQUETTE: The respondent, by registered letter dated December 24, 1926, notified the petitioner of a deficiency in income and profits tax for the year 1921 in the amount of $578.33, and the petition herein was filed February 21, 1927. Upon leave duly granted, an amended petition was filed, in which it is alleged that the respondent erred in denying the petitioner affiliation with certain other corporations during the year 1921, and in failing to allow as a deduction from gross income a loss in the amount of $21,255.21, claimed to have been sustained through the failure of the Knickerbocker Corporation, a customer of the petitioner. The respondent filed an answer denying all the material allegations of the amended petition.

The case was set for hearing on January 28, 1929, and the petitioner was notified thereof. The petitioner declined to appear at the hearing, but on January 11, 1929, mailed to the Clerk of this Board a letter as follows:

JANUARY 11, 1929.

Mr. B. D. GAMBLE,
    *Clerk, United States Board of Tax Appeals,*
        *Washington, D. C.*

Re: WHOLESALE COAL COMPANY, Petitioner, *v.* COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 24532.

DEAR SIR:

We acknowledge receipt of your letter dated December 8, 1928, advising that the above-entitled proceeding has been placed on the Board's day calendar for hearing at Washington, D. C., on January 28, 1929.

You are advised that the petitioner will submit the proceeding to the Board without argument or personal appearance of its attorney in accordance with Rule 29.

The facts regarding the loss sustained by the petitioner through the failure of the Knickerbocker Corporation have already been determined by the Board in its finding of facts in the proceeding of the appeal of Wholesale Coal Company, Docket No. 4515, decided by the Board on January 26, 1926. No evidence will be submitted relative to the other alleged error, namely the consolidation with several other companies.

Yours very truly,

(Signed) WALTER D. WALL,
*Counsel for the petitioner.*

A finding of fact by the Board is entitled to the presumption of correctness and, when introduced in a subsequent case, throws the burden of going forward on the opposing party. *Union Metal Manufacturing Co.*, 4 B. T. A. 287; *Goodell-Pratt Co.*, 6 B. T. A. 1235. If the petitioner herein desired to rely on the findings of fact made in a former proceeding, it was incumbent upon it to introduce such findings in evidence herein. As the record stands, all the material allegations of the amended petition are denied by the respondent, and there is no evidence before us to support the petitioner's contention. The issues must be resolved in favor of the respondent.

*Judgment will be entered for the respondent.*